# IN THE SUPREME COURT OF THE STATE OF NEVADA

JPMORGAN MORTGAGE TRUST 2004-S2, MORTGAGE PASS-THROUGH CERTIFICATES, BY PHH MORTGAGE CORPORATION AS SERVICER,
Appellant,
vs.
BOURNE VALLEY COURT TRUST,
Respondent.

No. 71198

FILED

FEB 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we vacate and remand.

Appellant JPMorgan argues that the district court erred in granting summary judgment without allowing a continuance to conduct discovery related to equitable grounds to set aside the foreclosure sale. We agree. Of relevance, *Shadow Wood Homeowners Ass'n v. New York Community Bancorp., Inc.*, 132 Nev., Adv. Op 5, 366 P.3d 1105, 1109 (2016), explained that the conclusive effect of the recitals included in a trustee's deed of sale, as provided in NRS 116.31166, does not eliminate equitable relief when the party challenging the sale can show that the sale was affected by fraud, unfairness, or oppression.[1] JPMorgan's NRCP 56(f)

---

[1]Contrary to JPMorgan's assertions, this court has long held that inadequacy of price alone is not sufficient to set aside a foreclosure sale; this court's decision in *Shadow Wood* did not change that rule. *Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op.

18-06326

declaration sought discovery into issues implicating fraud, unfairness, or oppression and also identified a potential question as to whether the superpriority piece of the HOA's lien had been satisfied before the sale.[2] Considering *Shadow Wood*, we cannot agree with the district court's assessment that JP Morgan's requested discovery would necessarily be "futile."[3] Accordingly, we conclude that summary judgment may have been improper. We therefore

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_Pickering_ , J.
Pickering

_Gibbons_ , J.
Gibbons

_Hardesty_ , J.
Hardesty

---

91 at 12-17, 406 P.3d 641, 647-49 (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale).

[2]We note that the parties have competing interpretations regarding the information reflected in the HOA's April 3, 2012, Financial Transaction document. To the extent that those issues were initially presented to the district court, the district court did not address them, and we decline to do so in the first instance.

[3]We likewise cannot agree with the district court's alternative assessment that JPMorgan should have already conducted the requested discovery when several months remained before the scheduling order's discovery cutoff date at the time respondent moved for summary judgment.

cc: Hon. Joseph Hardy, Jr., District Judge
Janet Trost, Settlement Judge
Ballard Spahr LLP
Ballard Spahr LLP/Washington DC
Law Offices of Michael F. Bohn, Ltd.
Eighth District Court Clerk